(10 Misc. Rep. 742.)

### DOWNS v. TAYLOR.

(Common Pleas of New York City and County, General Term. January 7, 1895.)

EVIDENCE—COMPETENCY.

Where the evidence was conflicting as to whether plaintiff had paid money to or for defendant on certain vouchers, which she produced at the trial, or whether the vouchers had been given by defendant to one L., plaintiff's former employer, and had been abstracted by plaintiff, evidence of L.'s bookkeeper, as to the alleged taking of the vouchers, is admissible.

Appeal from Ninth district court.

Action by Mary E. Downs against Herbert J. Taylor. From a judgment in favor of plaintiff, rendered by the justice without a jury, defendant appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Robert L. Luce, for appellant.

R. H. Smith, for respondent.

BOOKSTAVER, J. This action was brought to recover certain sums of money, which plaintiff testified that she had paid out to or for defendant on certain vouchers, which she produced at the trial. Defendant endeavored to prove that the money had been lent or paid to him by Louise & Co., in whose employ the plaintiff then was. Charlotte E. Taylor, his wife, was Louise & Co. of New York, and he was vice president of Louise & Co. of Chicago. He produced certain checks, which he claimed represented the amounts of the vouchers, and by which they had been paid. He sought to show by the cashier of Louise & Co. of New York that plaintiff, when she left their employ, had taken with her certain vouchers which had been given by defendant to Louise & Co. for cash. The question asked was excluded, and, inasmuch as the testimony is very conflicting, and the line of inquiry sought to be introduced by this excluded question would probably have thrown light upon an obscure and conflicting state of facts, we think that the justice erred in excluding the evidence. The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.